PER CURIAM.
Andrew Lee Jackson timely appeals the summary denial of his motion for postconvietion relief filed under Florida Rule of Criminal Procedure 3.850. In his motion, he alleged two grounds for relief. We find no merit on the first issue and affirm that part of the trial court’s order denying relief.
In his second issue, Jackson attacked the validity of his plea to a violation of probation. When he entered this plea, Jackson contends, the trial court failed to determine if it was knowing and voluntary. In its order denying relief, the trial court addressed the voluntariness of Jackson’s original plea to the substantive charges. Because it addressed only the original plea, the trial court has not refuted Jackson’s allegations on this issue. Accordingly, we reverse the denial of Jackson’s motion as to his violation of probation plea and remand that portion of the ease to the trial court.
On remand, the trial court may again summarily deny the motion, attaching to its order those portions of the record which conclusively show that Jackson is not entitled to relief. Unless the case files and records conclusively show that Jackson is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether *62 an evidentiary hearing is required. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and FULMER and WHATLEY, JJ., concur.