PER CURIAM.
Andrew Lee Jackson appeals the judgment and sentence imposed upon revocation of probation. We reverse because Jackson should not have been on probation at the time that the State alleges that he violated the terms of his probation.
In December 1992, Jackson pleaded guilty to three counts of lewd sexual battery in exchange for three years’ probation. In May 1993, the State issued a warrant for Jackson for violation of seven conditions of probation. At the hearing, the trial court accepted Jackson’s guilty plea to the violations and sentenced him to fifteen years’ imprisonment concurrent on each count. Because the trial court failed to determine whether Jackson’s plea was freely, voluntarily, and knowingly tendered, this court reversed the denial of his posteonvietion motion and remanded with directions for the trial court to make this determination. See Jackson v. State, 661 So.2d 61 (Fla. 2d DCA 1995).
In August 1995, the trial court determined that the record did not support that Jackson’s plea to the violations of probation was given voluntarily and set aside the plea and sentence. The trial court then set the hearing on the violations of probation for October 10, 1995.
On October 10, 1995, defense counsel asked the trial court to reinstate Jackson’s original probation of three years which was entered on December 11, 1992. The State opposed reinstatement, but did not have any witnesses available to testify that Jackson had violated his probation. Accordingly, the trial court agreed to reinstate the original probation with the same conditions as previously ordered. However, the final written order entered after this hearing states that the trial court found that Jackson had violated the terms of his probation and sentenced him to three additional years of probation to begin October 9, 1995.
The record does not support the trial court’s order and does not reflect what occurred at the hearing. Clearly, there is a variation between the trial court’s oral pronouncement and the written order. This court has held that when the written order does not conform to the oral pronouncement, the latter controls. See Brammer v. State, 554 So.2d 671 (Fla. 2d DCA 1990); Bogan v. State, 462 So.2d 115 (Fla. 2d DCA 1985). Under the terms of the oral pronouncement, Jackson should have been released from probation on December 11, 1995. If Jackson had been released on December 11, 1995, he could not have violated his probation in 1996.
We, therefore, reverse the judgment and sentence in this case with directions to the trial court to expeditiously bring Jackson before the trial court to determine if he is entitled to be released from custody on these charges.
PARKER, C.J., and PATTERSON and BLUE, JJ., concur.